Opinion of the Court, by
Ch. J. Boyle.
Coffman having obtained a decree for $2,828 and costs, against Ovid M’Cracken, and Allin and wife, as heir at law to William M’Cracken, upon a bond for the conveyance of land, Allin, in discharge thereof, assigned a bond to Coffman, purporting to be executed by Silas Harland to Cyrus M’Cracken, and by him assigned to William M’Cracken, the ancestor of Mrs. Allin, for the conveyance of one half of said Harland’s settlement and pre-emption, and Taylor’s pre-emption on Salt river. James Harland, the heir at law to Silas Harland, refusing to convey the land mentioned in said bond, Coffman filed bis bill in chancery against James Harland, and Allin and wife, stating the preceding facts, and praying that Harland might be compelled to convey; or, in case that could not be done, that Allin and wife should pay the value of said land. Harland answered, and denied the execution of the bond by his ancestor; and the bill was taken for confessed against Allin and wife. Upon a final hearing, the court below being convinced the bond was not genuine, dismissed the bill as to Harland, and proceeded to decree that Allin and wife should pay to Coffman the amount of the former decree. The decree thus pronounced was, *201 on a writ of error prosecuted by Allin and wife, reversed, because the decree was against Mrs. Allin, who was no party to the assignment, and because it should have been for the value of the land, agreeably to the prayer of the bill. After the cause was remanded for new proceedings according to the direction of this court, Allin and wife filed their answer, upon leave being obtained for that purpose, in which they admit the material facts alleged in the bill; but furthermore allege, that in addition to the bond, Coffman received a horse of the value of £40, and that he agreed to take the bond at his own risk, without recourse, in any event to Allin. At a subsequent stage of the cause, an amendment to their answer was filed, whereby it appears that the decree for $2,828 and costs, had been reversed on a writ of error to this court, and that cause remanded for new proceedings. This cause then coming on for hearing, the court below decreed the bill to be dismissed, but without prejudice to Coffman’s right to prosecute the first suit; from which decree Coffman has prosecuted this writ of error.
In a case brought on that ground, evidence that the assignor knew of the forgery at the time of the assignment, is improper, and if receive, will not authorise a decree.
In such case a bill ought be framed so as to put the fraud in issue, & ought to pray a rescision of the contract.
Courts of original jurisdiction have an extensive discretion in permitting answers in chancery to be amended; and the court of appeals will not control them in the exercise of it, except in cases where it has certainly been abused.
The case, as the pleadings and evidence now present it, is widely different from that which was exhibited in the record, when formerly before this court. It, indeed, sufficiently appeared then, as well as it does now, that the bond upon Harland was not genuine; but there was nothing in the cause to show, as there is at present, that Coffman had agreed to take the bond at his own risk. The assignment by Allin to Coffman alone appearing in that case, implied an obligation upon the former to be responsible for the genuineness of the bond; and from thence the court inferred that Coffman had a right to a decree for the value of the land, for the conveyance of which the bond purported to have been given. But the obligation implied by the assignment itself, that Allin should respond, in case the bond was not genuine, is done away by the express agreement of the parties that he should not be responsible; for there can be no implied or presumed agreement, where there is an express one. It is indeed urged, that Allin knew that the bond was a forgery, and that the transaction in relation to the assignment, was on his part fraudulent. That such is the fact, there is certainly some degree of probability, arising from the evidence. But the bill, in this case, is evidently not *202 framed to meet such a state of facts. It contains no charge of fraud. It neither alleges that Allin knew, or that he concealed his knowledge from Coffman, of the bond’s being a forgery; and without such an allegation in the bill, the court cannot found their decree upon the evidence of the fact; for the decree must invariably pursue the case made out in the bill. There is, too, the less reason for violating the settled rules of proceeding in this case, inasmuch as the decree of the court below, by saving to Coffman the right to prosecute the former suit, has substantially given to him the relief which he would have been entitled to, had his bill charged the fraud in the assignment of the bond; for, in such a case, the appropriate and only relief which a court of equity could have granted, would have been to set aside the fraudulent transaction and restored the parties to the rights which they would have had, if the fraudulent transaction had never taken place; and this, in effect, is done, so far as relates to Coffman, by the decree of the court below. Of that decree, therefore, he can have no good reason to complain.
The point growing out of the exceptions taken in the court below to granting the defendants leave to file their original and amended answers, cannot be regarded by this court. In points of practice of this sort, the courts of original jurisdiction have, by the laws of this country, an extensive discretion, and it is necessary, for the purposes of justice, that they should have. Unless, therefore, they appear to have been guilty of a flagrant abuse of the authority confided to them, which does not, in this instance, seem to have been the case, this court cannot interpose its corrective power.
The decree must be affirmed with costs.